## GALE v. TROY & B. R. Co.

*(Supreme Court, Special Term, Schoharie County. August, 1888.)*

RAILROAD COMPANIES—CONSOLIDATION—RIGHTS OF BONDHOLDERS OF THE CONSTITUENT COMPANIES.

It is no defense to an action by a bondholder against a railroad, for the accrued interest on bonds secured by a mortgage on the defendant's property and franchise, that the defendant has entered into an agreement for the consolidation of its property and franchise with another company, pursuant to the provisions of Laws N. Y. 1869, c. 917; as section 5 of that chapter provides that "the rights of all creditors of and all liens upon the property of either of said corporations, parties to said agreement, shall be preserved unimpaired, and the respective corporations shall be deemed to continue in existence to preserve the same."

*Alden & King,* for plaintiff. *John H. Peck,* for defendant.

MAYHAM, J. This action is brought to recover accrued interest conceded to be due upon bonds issued by the defendant, and held and owned by the plaintiff. By the terms of the bond the interest was payable semi-annually. Before the commencement of the action a joint agreement was entered into between the defendant and the Fitchburgh Railroad Company, forming a continuous line with the road of the defendant, for the consolidation of said two railroad companies, and their property and franchises, under the corporate name of the Fitchburgh Railroad Company, under and in pursuance of the provisions of chapter 917 of the Laws of 1869. The proof shows that the bonds upon which this interest is due are secured by a mortgage on the property and franchise of the defendant. Upon these facts the defendant insists that this action cannot be maintained against this defendant, but that recourse can only be had to the new corporation, or by foreclosure of the mortgage for the recovery of interest on default of the payment at maturity. By section 5 of chapter 917 of Laws of 1869 it is provided that "the rights of all creditors of, and all liens upon, the property of either of said corporations, parties to said agreement and act, shall be preserved unimpaired, and the respective corporations shall be deemed to continue in existence to preserve the same." One of the rights of the creditors of this defendant, holding its bonds, was the right to enforce payment by action at law upon said bonds. As the bond held by the plaintiff is the evidence of the debt due him from the company out of which the interest arose, to which the mortgage is collateral, it would seem that the liability of the defendant to an action for the payment of the interest accruing upon the bonds is not removed by the act of consolidation, but is in terms preserved by the express provisions of section 5, above referred to. The ultimate liability of the Fitchburgh Consolidated Company, on failure to collect of the defendant, need not be considered here.

There has been much discussion on this trial over the language in section 5 of chapter 917,—"except mortgages shall thenceforth attach to such new corporation." This language, as it appears to me, is intended to confine the specific lien, created by mortgages given as collateral to bonds, to the specific property covered by said mortgages; so that a mortgage given to secure the bonds of the Troy & Boston road should never become by the act of consolidation a specific lien upon the property of the Fitchburgh Railroad, or the mortgages of the Fitchburgh be a specific lien on the Boston & Albany Railroad. But, in the view I have taken, whether this be so or not, I think

the plaintiff entitled to recover in this action. The plaintiff should have judgment in each of the actions against the defendant for interest due in each case at the time of the commencement of the action, with costs. The reasoning above applies with equal, and perhaps additional, force to the actions against the Fitchburgh Railroad Company, and judgment is ordered in each of the same against the defendant, as above.